UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER FELIZ,<br><br>                    Petitioner,<br><br>           -against-<br><br>CITY OF NEW YORK, et al.,<br><br>                    Respondents. | 18-CV-3680 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Petitioner filed this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the validity of a pending indictment against him. At the time, Petitioner was in pretrial detention at Kirby Forensic Psychiatric Center (Kirby). On April 26, 2018, the Court directed Petitioner, within thirty days, to either pay the filing fee to bring this *habeas corpus* action or submit an *in forma pauperis* ("IFP") application. Because Petitioner failed to comply with that order, on June 6, 2018, the Court dismissed this action without prejudice. But a week later, Petitioner paid the filing fee for this action.

In light of Petitioner's *pro se* status and belated payment of the filing fee, the Court vacates its June 6, 2018 order and judgment. For the reasons discussed below, however, the Court denies the petition without prejudice.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the

applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original); *see Williams v. Kullman*, 722 F.2d 1048, 1050 (2d Cir. 1983). Nevertheless, a *pro se* litigant is not exempt "'from compliance with relevant rules of procedural and substantive law.'" *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## DISCUSSION

Under 28 U.S.C. § 2241(c)(3), *habeas corpus* relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States." But before seeking § 2241 *habeas* relief, a state pretrial detainee must first exhaust his available state-court remedies. *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [§ 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

Petitioner fails to allege any facts suggesting that he exhausted his state-court remedies before filing this petition. Normally, the Court would grant him leave to amend his pleading to show such exhaustion, but it appears that Petitioner was released from Kirby after the filing of this petition.[1] The Court therefore denies Petitioner *habeas corpus* relief, and dismisses this

---

[1] The New York City Department of Correction Inmate Lookup Service indicates that Petitioner is currently in custody at the George R. Vierno Center based on an arrest that occurred on June 5, 2018, several weeks after he filed this petition. *See* http://a073-ils-web.nyc.gov/inmatelookup/ils/pages/common/find.jsf (last visited Jan. 8, 2020).

2

action without prejudice. If Petitioner wishes to challenge his current custody, he may file a new *habeas corpus* petition.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner at the following address: B/C# 8951800579, George R. Vierno Center, 09-09 Hazen Street, East Elmhurst, New York 11370. The Clerk of Court is also directed to note service on the docket.

The Court vacates its June 6, 2018 order and judgment. The Court denies Plaintiff *habeas corpus* relief, and dismisses this action without prejudice.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 9, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge